## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **1. LATOYNA EXOM, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 18-cv-00109-JHP-JFJ** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **1.  TULSA PUBLIC SCHOOLS, a public** | ) | **ATTORNEY'S LIEN CLAIMED** |
| **entity,** | ) | **FOR THE FIRM** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW,** the Plaintiff, Latoyna Exom ("Plaintiff"), through her attorney of record, Jessica N. Bailey of Armstrong & Vaught, P.L.C. and brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, *et seq.* for racial discrimination and retaliation committed by Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction is premised on a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

2. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.*

3. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

5. Plaintiff is, and was at all times relevant hereto, a resident of the State of Oklahoma, residing in Tulsa, Oklahoma.

6. The acts and/or omissions giving rise to this lawsuit occurred in Tulsa, Tulsa County, State of Oklahoma.

7. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on January 16, 2018 (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein).

8. Defendant is an employer as defined by 42 U.S.C. § 2000e(b), in that it was a private employer engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year

9. Plaintiff was at all times relevant hereto an employee as defined by 42 U.S.C. § 2000e (f), in that he was employed by an employer.

## OPERATIVE FACTS

10. Plaintiff is a member of a protected class, to wit: African American.

11. Plaintiff was hired by Tulsa Public Schools, as a Cafeteria Assistant, in October of 2014.

12. During Plaintiff's employment, African Americans were subjected to disparate treatment and discriminatory comments. Relevant, non-exclusive examples of the treatment are as follows:

    a. The work place is segregated by having the African Americans working one part of the kitchen and the Hispanics, along with other races, working the other.

b. In October of 2017, Christy Rodriguez, Hispanic co-worker, called Plaintiff a "nigger bitch."

13. During Plaintiff's employment, she was subjected to disparate treatment and discriminatory comments. Relevant, non-exclusive examples of the treatment are as follows:

a. Plaintiff applied for a Cafeteria Assistant position in the summertime program with Defendant in 2016. Plaintiff was denied the opportunity when Defendant choose Starla Tow, a white female, instead. Plaintiff spoke with Robin Eischens, Manager, regarding the failure to hire her for the summer program.

b. Plaintiff applied for a kitchen assistant in the summertime program with Defendant in 2017. Plaintiff was chosen, but was placed as a part of the Ross Production Crew. This job only allowed her to work 2 to 3 hours a day, versus the 7 hours a kitchen assistant would be given.

c. In April of 2017, Plaintiff, after finishing her work, was sitting at a table with a co-worker of a different race. Ms. Eischens shouted at Plaintiff to "get back to work", but said nothing to Plaintiff's co-worker.

14. In April/May of 2016, Plaintiff reported failure to hire for the summertime positons to Irmgard Tatic, Hiring Manager. Plaintiff was informed that it was summer staff is hired based on the manager's recommendation.

15. Plaintiff reported Ms. Rodriguez's comment in November in 2017. Shelia Russell, Area Manager, asked Plaintiff to write a statement about what happened "if she wanted to stay here."

16. On December 4, 2017, Plaintiff documented the segregation in the workplace via a video on her cellular phone.

17. That same day, Plaintiff was reported by a co-worker for recording her during work hour. Plaintiff received a "push-pin", write-up, on December 12, 2018 even though this behavior did not violate Tulsa Public Schools' Personal Cell Phone Policy.

18. On December 11, 2017, Plaintiff was assigned to a different school to be reviewed by a Training Manager. Plaintiff is now working at East Central Junior High.

19. On January 3, 2018, Plaintiff filed a complaint with the EEOC regarding race discrimination and retaliation.

20. On January 22, 2018, East Central Junior High implemented a new Personal Cell Phone During Work policy to include "no photos or videos should be taken of coworkers without their knowledge or consent."

21. On February 14, 2018, Plaintiff's position at East Central Junior High was extended for another 30 days, even though she met the expectation of job performance.[1] In the review, Plaintiff is falsely accused of poor customer service and not following the chain of command for reporting absenteeism. However, Plaintiff was not made aware that the Training Manager was to be contacted if absent. Further, Plaintiff did not receive her training manager's phone number until February 8, 2018. Plaintiff refused to sign the review.

22. Plaintiff believes that she was discriminated against on the basis of her race, to wit, African American, in violation of Title VII of the Civil Rights Act of 1964.

23. Plaintiff believes that she was retaliated against for his complaint of disparate treatment to the EEOC, in violation of Title VII of the Civil Rights Act of 1964.

---

[1] Plaintiff has submitted this information to the EEOC for a new charge of discrimination based on continuing retaliation and awaits a Right to Sue letter.

## FIRST CLAIM
### (Race Discrimination in Violation of Title VII)

24. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

25. This claim is made against Defendant, Tulsa Public Schools.

26. That, as a member of a protected class, to wit: African American, Plaintiff is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.;

27. That the disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of discrimination on the basis of her race, to wit: African American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.;

28. That Plaintiff was unfairly treated and that the motivating reason for this treatment is based on her race, to wit: African American, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.;

29. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

30. That the conduct complained of constitutes illegal race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to his former

position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## SECOND CLAIM
### (Retaliation in Violation of Title VII)

31. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

32. This claim is made against Defendant, Tulsa Public Schools.

33. Plaintiff followed the proper procedures as an employee of Defendant in exercising her federally protected right to complain of the disparate treatment he was subjected to as an employee in Defendant's employ.

34. Plaintiff reported the discrimination she was subjected to as an employee of Defendant to Human Resourced and to the Equal Employment Opportunity Commission.

35. As a direct result of Plaintiff's complaints, Defendant altered, and continues to alter, the terms, conditions and/or privileges of her employment by, among other retaliatory acts, terminating his employment.

36. As a direct result of Plaintiff's complaint, Defendant retaliated against Plaintiff for exercising her federally protected right to report the disparate treatment she was subjected to in the workplace.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant  to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to her former

position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: ___*s/ Jessica N. Bailey*___
**Jessica N. Bailey, OBA #33114**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
 ***Attorney for Plaintiff***
